**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: August 26, 2009**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

In re:   GARY R. FOGLE,

        *Debtor*

Case No.   05-33682

Judge Humphrey
Chapter 13

---

**Order Scheduling Hearing on Contested Matter,
Requiring Filings, and Ordering Other Matters**

---

This matter is before the court on Denise Hayden's and Larry Hayden's (the "Movants") *Motion to File Proof of Claim Out of Time Due [to] Debtor's Failure to Provide Notice of Bankruptcy* (Doc. 69) and Gary R. Fogle's (the "Debtor") *Debtor's Response to Substitute Motion to File Proof of Claim Out of Time Due [to] Debtor's failure to Provide Notice of Bankruptcy* (Doc. 76) and *Debtor's Supplemental Response to Movants' Substitute Motion to File Proof of Claim Out of Time* (Doc. 81) (collectively referred to as the "Contested Matter").

Pursuant to a prior order (Doc. 83), the court held a status conference on the Contested Matter on August 25, 2009 at 3:00 p.m., participated in by the Lester R. Thompson, counsel for the Debtor, Randall J. Smith and Mary K.C. Soter, counsel for the Movants, and Scott G. Stout, counsel for the Chapter 13 Trustee. In accordance with the conference held, **IT IS ORDERED**:

### *Pro Forma* Proof of Claim

The Movants shall, **not later than September 11, 2009**, file with the court a proof of claim to be considered at the hearing on the Contested Matter.

### Discovery

**The discovery cut-off date for the Contested Matter is established as November 6, 2009.** All discovery must be completed by the discovery cut-off date. For example, interrogatories or requests for admissions must be served in sufficient time to permit responses to be served by the cut-off date. Untimely discovery requests are subject to objection on that basis. Pursuant to Local Bankruptcy Rule 7026-1, counsel are ordered to promptly commence discovery and to cooperate with each other in all discovery matters and are encouraged to contact the court at the earliest possible time if they are not able to resolve any discovery dispute through extrajudicial means.

Pursuant to Local Bankruptcy Rules 7005-2 and 7026-1(b), all discovery requests and responses shall not be filed with the court except to the extent necessary to address a discovery dispute that cannot be resolved through extrajudicial means or to the extent appropriate for use as evidence at an evidentiary hearing or trial. All discovery requests and responses shall be served upon all counsel of record in the Estate Case and upon counsel of record in any adversary proceeding pending within the Estate Case. However, any voluminous documents or records may be made available for inspection or copying to any such person at a designated reasonable time and location without the need to serve such documents on all such counsel.

### Witness and Exhibit(s) Lists and Filing, Presentation, and Admission of Exhibits

In accordance with the provisions of Local Bankruptcy Rule 7016-1, counsel shall complete the appropriate Local Bankruptcy Rule Form 7016-1 (Attachment A) Witness List(s), containing the person(s) who the Debtor, the Movants or other parties may call, or have available for testimony at the final hearing on the Contested Matters, including separately designated expert witnesses, which shall be filed with the court and exchanged with counsel **not later than December 2, 2009**.

In accordance with the provisions of Local Bankruptcy Rule 7016-1, counsel shall complete and file the appropriate Local Bankruptcy Rule Form 7016-1 (Attachment B) Exhibit List(s), together with complete copies of all proposed exhibits which the Debtor or the Movants may offer as exhibits individually and/or jointly, which shall be filed with the court and exchanged with counsel **not later than December 2, 2009**. Exhibits not timely exchanged will not be admitted at the hearing.

- Each party shall pre-mark all exhibits. The hearing will not commence until all exhibits have been suitably labeled. Absent unusual circumstances the Courtroom Deputy will not mark exhibits during the course of the hearing.

- Parties shall mark exhibits as follows:

    Numbers – Debtor
    Letters - Movants

- At the hearing, counsel shall provide an original hard copy of each exhibit to be retained by the court as part of the record.   Presentation of all exhibits during the hearing shall be by means of the court's electronic display system. If counsel intends to present exhibits electronically from a laptop computer or use other digital presentation devices, then counsel must provide at least three (3) days advance notice to the court to ensure security clearance and technical compatibility. Courtroom equipment testing and setup of counsel-provided devices are the responsibility of counsel and should be completed prior to the hearing commencement time.

Unless a written objection, identifying the specific exhibit to which an objection is made, is filed with the court and served on opposing counsel and any party appearing *pro se* within seven (7) days from the date of the certificate of service of the exhibit list, all listed exhibits, for which there is a request for admission at the time of the hearing, will be admitted into evidence without further identification or authentication, subject to any other evidentiary objection.

Copies of witness lists - Form 7016 (Attachment A) Witness List(s) and copies of exhibit lists Form 7016 (Attachment B) Exhibit List(s) [Individual or Joint Exhibit(s)] are available from the court's website *www.ohsb.uscourts.gov* and from the Clerk of the Bankruptcy Court in this District.

### **Stipulations**

All stipulations of the parties, even if previously filed or referred to in documents previously filed, shall be filed following this order as a separate document captioned Stipulation(s) Of The Parties and all such stipulation(s) shall be filed **not later than December 2, 2009**.

In the event that counsel propose to introduce documentary evidence, counsel are required to exercise all good faith attempts to enter into stipulations concerning such documentary evidence and avoid the appearance and testimony of any witness whose sole purpose is to provide testimony, which will not be disputed, concerning the authentication and identification of such documentary evidence.

## **Mandatory Pre-Hearing Briefs**

Counsel for each party shall file, **not later than December 2, 2009,** a pre-hearing brief, which addresses, in addition to all other issues that the parties wish to address, the issues raised by the court during its colloquy with counsel at the time of the pretrial conference on August 25, 2009, including arguments of counsel and citations of legal authority upon which counsel propose to rely. In addressing those issues, the briefs shall address the following:

- The effect of the Movants' notice or knowledge or lack thereof relating to the Debtor's prior Chapter 7 bankruptcy case and this Chapter 13 bankruptcy case;

- What notice or knowledge is required under 11 U.S.C. §§ 523(a)(3) and 726(a)(2)(c)(i), as may be applicable;

- The impact of this case having been filed prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA");

- The impact, if any, if any allowable claim is found to be nondischargeable under 11 U.S.C. § 523(a);

- The respective burdens of proof as to all the issues to be determined, including as to: a) Movants' notice or knowledge or lack thereof as to the Debtor's Chapter 7 and Chapter 13 bankruptcy cases; b) the allowance and liquidation of the Movants' claim; and c) the dischargeability of any asserted claim if that issue is deemed to be pertinent by the parties; and

- All other issues raised by the parties in their filings with the court concerning the Contested Matter or otherwise necessary to the court's determination of the Contested Matter.

## **Pre-Hearing Status Conference**

**The court shall hold a status conference on December 9, 2009 at 2:30 p.m. by phone.** Counsel shall maintain at the phone number filed with the court an open phone line on the above date for a period five (5) minutes prior to the above time and continuously thereafter until the pretrial conference commences. If counsel will be available at a different phone number other that one filed with the court, they shall provide the court with the appropriate number by contacting the courtroom deputy prior to the commencement of the pretrial.

**Counsel for the Debtor and counsel for the Movants shall participate in the scheduled pretrial conference. At the time of this final pretrial conference, the court will review and counsel should be prepared to discuss the parties' filed stipulations, any amended pleadings, any dispositive motions, witness lists, exhibit lists and copies of all proposed exhibits, and other issues in this adversary proceeding.**

**Hearing Date**

The hearing on these Contested Matters shall be held <u>on December 16, 2009 at 9:30 a.m.,</u> before United States Bankruptcy Judge Guy R. Humphrey in the East Courtroom on the first floor of The United States Bankruptcy Court. <u>All counsel and all parties appearing *pro se* shall appear at the above scheduled time, unless an entry acceptable to the court providing for complete resolution of all issues has been filed with the court prior to the above scheduled time; or, the parties have advised the court, in writing, of the date by which the entry will be submitted to the court. Unless otherwise ordered by the court, the entry providing for resolution of this proceeding shall be submitted not later than seven (7) days following the hearing date.</u>

**Courtroom Conduct**

The following procedures are to be followed in all proceedings in open court:

At the commencement of the hearing, each attorney shall stand and state his or her name and introduce by name the parties and witnesses present for that attorney's cause. Each attorney shall also state that the names of all witnesses and copies of all proposed exhibits have been exchanged with all other attorneys; or, shall state the names of all witnesses and provide copies to all other attorneys of all proposed exhibits that have not been exchanged.

All persons, whether counsel, parties, or witnesses, shall be formally addressed by the surnames wherever possible.

**Settlement**

If this Contested Matter is settled or otherwise resolved prior to the hearing scheduled through this order, counsel shall immediately notify the court by email at humphrey337@ohsb.uscourts.gov. Following a notification of settlement, unless otherwise ordered by the court, counsel shall submit a proposed agreed order within seven (7) days of the date the court is informed of the parties' resolution. *See* Local Bankruptcy Rule 9072-1(g). In the event that an agreed order resolving all of the issues in this Contested Matter is submitted prior to the December 16th hearing, the court shall cancel the hearing, without further order. For further information on settlement procedures see *Judges - Hearing Schedules and Other Information* on the court's website at www.ohsb.uscourts.gov.

**IT IS SO ORDERED.**

c:

Gary R. Fogle, PO Box 131063, Dayton, OH 45413-1063 (Debtor)

Lester R. Thompson, 1340 Woodman Drive, Dayton, OH 45432 (Counsel for the Debtor)

Randall J. Smith, 21-23 E. Babbitt Street, Dayton, OH 45405 (Counsel for the Movants)

Mary K.C. Soter, 5518 N. Main Street, Dayton, Ohio 45415-3455 (Counsel for the Movants)

Jeffrey M. Kellner, (Chapter 13 Trustee), Scott G. Stout, (Staff Attorney for the Chapter 13 Office), 131 North Ludlow Street, Suite 900, Dayton, Ohio 45402

Office of the United States Trustee, 170 North High Street, Suite 200, Columbus, Ohio 43215

###